# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT SUTTON,<br><br>    Defendant. | No. CR03-3049-LRR<br>No. C05-3007-LRR<br><br>ORDER |

___

      This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 88). The defendant filed his motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the defendant's motion for extension of time to file a memorandum (Docket No. 89). For the following reasons, the defendant's 28 U.S.C. § 2255 motion and motion for extension of time to file a memorandum shall be denied.[2] In addition, a certificate of appealability shall be denied.

___

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating

(continued...)

## I. BACKGROUND

On June 27, 2003, the grand jury returned and the government filed a four-count indictment which charged the defendant with two violations. Count one charged that the defendant did knowingly and unlawfully combine, conspire, confederate, and agree with other defendants and other persons, known and unknown to the grand jury, to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, and a mixture or substance containing a detectable amount of marijuana.[3] Count three charged that the defendant did knowingly and intentionally possess with the intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.[4] On August 5, 2003, the government filed an information regarding its intention to seek enhanced penalties against the defendant. The government filed such

---

(...continued)
district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in count one of the indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 846.

[4] The conduct charged in count three of the indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 841(b)(1)(D).

information pursuant to 21 U.S.C. § 851. On August 6, 2003, the defendant filed a notice regarding his intention to plead guilty and consent to proceed before a magistrate judge. On the same day, the defendant appeared before Chief Magistrate Judge John A. Jarvey for his change of plea hearing. At such hearing, the defendant pleaded guilty to count one and count three of the indictment. After the change of plea hearing, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's plea of guilty. On August 22, 2003, the court entered an order adopting the report and recommendation pertaining to the defendant's guilty plea. On January 28, 2004, the court sentenced the defendant to 130 months imprisonment (130 months on each count and terms to run concurrently) and 96 months supervised release (96 months on each count and terms to run concurrently). On January 29, 2004, judgment entered against the defendant. The defendant did not file an appeal.

On February 2, 2005, the defendant filed a motion pursuant to 28 U.S.C. § 2255 and a motion for extension of time to file a memorandum. In his 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence based on alleged violations of the United States Constitution. Specifically, the defendant claims the court unlawfully enhanced his sentence and counsel provided ineffective assistance when he failed to object to the sentence enhancements. To support his claims, the defendant appears to rely on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and/or *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). As an explanation for why he did not previously present his claims, the defendant states:

> the law was not develop any time prior with respect to the U.S. Supreme Court decision as to statutory maximum or whether a right to jury trial exist with respect to federal sentencing guideline upon judge determination of fact which

3

increase a defendant's sentence beyond statutory maximum upon facts not found by jury.

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255 and motion for extension of time to file a memorandum.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct

4

appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th
(continued…)

## B. The Defendant's Claims

The defendant's reliance on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and/or *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) to challenge his conviction and resulting sentence is unavailing. On January 12, 2005, the Supreme Court addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to the Federal Sentencing Guidelines). Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005). Given such determination, the defendant is unable to rely on either *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), or *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to support his claim that the court unlawfully enhanced his sentence or his claim that counsel provided

---

⁵(…continued)
Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

ineffective assistance when he failed to object to the sentence enhancements. Consequently, it is appropriate to deny the defendant's 28 U.S.C. § 2255 motion.[6]

### C. Motion for Extension of Time to File a Memorandum

Having determined that it is appropriate to deny the defendant's 28 U.S.C. § 2255 motion, the court shall deny as moot the defendant's motion for extension of time to file a memorandum.

### D. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*,

---

[6] Aside from the fact that the defendant cannot rely on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), or *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to support his unlawful enhancement claims, the court notes the government timely notified the defendant of its intention to seek enhanced penalties. Indeed, the government filed its information on August 5, 2003, the defendant pleaded guilty on August 6, 2005 and the court accepted such plea on August 22, 2003. *See* 21 U.S.C. § 851(a)(1). Thus, no violation of 21 U.S.C. 851 occurred, and nothing prevented the court from utilizing 21 U.S.C. § 841(b)(1)(B), that is, imposing a sentence of at least 10 years to life imprisonment on each count.

133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 88) is DENIED.

2) The defendant's motion for extension of time to file a memorandum (Docket No. 89) is DENIED as moot.

3) A certificate of appealability is DENIED.

**DATED** this 3rd day of November, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA